**YIBO LI, Liping Qin, Petitioners,**

v.

**Eric H. HOLDER Jr., United States Attorney General \*, Respondent.**

No. 08–0337–ag.

United States Court of Appeals, Second Circuit.

July 9, 2009.

Gary J. Yerman, New York, NY, for Petitioners.

Gregory G. Katsas, Acting Assistant Attorney General; Ernesto H. Molina, Jr., Senior Litigation Counsel; Jeffery R. Leist, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC, for Respondent.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

Present: DENNIS JACOBS, Chief Judge, JON O. NEWMAN and JOHN M. WALKER, JR., Circuit Judges.

### SUMMARY ORDER

Petitioners Yibo Li and Liping Qin, natives and citizens of the People's Republic of China, seek review of a December 26, 2007 order of the BIA, affirming the October 13, 2006 decision of Immigration Judge ("IJ") Noel A. Ferris, denying their third motion to reopen. *In re Yibo Li, Liping Qin*, No. A078 722 502, No. A076 142 952 (B.I.A. Dec. 26, 2007), *aff'g* No. A078 722 502, No. A076 142 952 (Immig. Ct. N.Y. City Oct. 13, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir.2006). Where the agency considers relevant evidence of country conditions in evaluating a motion to reopen, we review the agency's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir.2008). We find that the agency did not err in denying Petitioners' untimely and number-barred motion to reopen or in finding them ineligible to file successive asylum applications.

Petitioners argue that the agency erred by finding that they failed to demonstrate either material changed country conditions sufficient to excuse the time limitation for filing their motion to reopen or their *prima facie* eligibility for relief. However, these arguments fail where we have previously reviewed the agency's consideration of similar evidence in the context of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish material changed country conditions or an objectively reasonable fear of persecution. *See id.* at 169–72 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] . . . it may do so in summary fashion without a reviewing court presuming that it has abused its discretion"). Further, there is nothing in the agency's decisions compelling the conclusion that it failed to take into account all of Petitioners' evidence as we "presume that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise." *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n. 17 (2d Cir.2006).

Finally, the agency's determination that Petitioners were ineligible to file successive asylum applications was not in error. *See Yuen Jin v. Mukasey*, 538 F.3d 143, 156, 158–59 (2d Cir.2008).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).